IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRUCE SATCHELL, | § | |
| | § | No. 315, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. S1910011557 |
| STATE OF DELAWARE, | § | S1910010770 |
| | § | |
| Appellee. | § | |

Submitted: November 15, 2023
Decided: December 19, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) Bruce Satchell filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Satchell's opening brief that the appeal is without merit. We agree and affirm.

(2) In 2021, Satchell pleaded guilty to two counts of second-degree burglary, two counts of theft, theft involving a senior victim, and first-degree criminal trespass. The Superior Court sentenced Satchell to a total of fourteen years

of imprisonment, suspended after two years, followed by decreasing levels of supervision.

(3) In 2022, the Superior Court found Satchell in violation of probation and sentenced him to a total of twelve years of imprisonment, suspended after sixty days for one year of Level III probation with GPS monitoring.

(4) On July 26, 2023, Satchell was arrested and charged with several new offenses, including theft and unlawful use of a credit card. On August 2, 2023, the Department of Correction filed a VOP report based on the new charges and other issues. The following day, at the preliminary hearing in the new criminal case, Satchell pleaded guilty to two counts of misdemeanor theft and two counts of unlawful use of a credit card. The court sentenced him to a total of four years of imprisonment, suspended for one year of Level III probation.

(5) At a VOP hearing on August 11, 2023, Satchell admitted that he was in violation of probation based on the new criminal charges to which he had pleaded guilty. The Superior Court sentenced him to a total of eleven years and six months of imprisonment, suspended after one year, followed by decreasing levels of supervision.

(6) On appeal to this Court, Satchell challenges the factual basis for the new criminal offenses, asserting that he did not know that the credit card that he used was stolen. He does not argue that he could not be found in violation of probation

2

based on incurring new criminal convictions, however. Instead, he asks the Court to modify his sentence to require his immediate release, with six months of Level III probation to follow.

(7) The Superior Court has the authority to revoke probation and to impose a VOP sentence on the basis that a probationer has been charged with or convicted of new criminal conduct.[1] As to the VOP sentence that the Superior Court imposed, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[2] Once Satchell was adjudicated to be in violation of probation, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[3] The record does not reflect, and Satchell does not argue, that the sentence imposed exceeded statutory limits or the Level V time that was previously suspended.

---

[1] *See Rembert v. State*, 2018 WL 2017924, at *1 (Del. Apr. 27, 2018) ("To the extent that Rembert might be arguing that there was no factual basis for charging him with violating probation, that argument is belied by the record. Rembert pled guilty to committing a new criminal charge of drug possession in November 2017. It was that new criminal charge that formed the basis for the Superior Court's later VOP findings and sentence."); *Wood v. State*, 2012 WL 3656404, at *1 (Del. Aug. 24, 2012) ("There is no merit to Wood's claim that he could not be found guilty of a VOP on the basis of new and unproven criminal charges. Delaware law provides that the Superior Court has the authority to revoke probation on the basis that a probationer has been charged with new criminal conduct.").

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[3] 11 *Del. C.* § 4334(c).

3

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ Gary F. Traynor*
Justice